■ In the Matter of PHILIP PRIORE, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a proceeding in the nature of mandamus, under article 78 of the Civil Practice Act, to compel petitioner's release from imprisonment, the petitioner appeals from an order of the Supreme Court, Dutchess County, entered December 18, 1961, which dismissed his petition for patent insufficiency. Order affirmed. No opinion. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ SEYMOUR KEMACH et al., Plaintiffs, and TERESA R. MANICONE, as Administratrix of the Estate of CARMINE R. MANICONE, Deceased, Respondent, v. AMERICAN AIRLINES, INC., Appellant, et al., Defendants.— In a negligence action by two plaintiffs (Kemach and Gottlieb) to recover damages for personal injuries, and by a third plaintiff, Teresa R. Manicone, as administratrix to recover damages for the wrongful death of her husband, Carmine R. Manicone, arising out of an airplane crash, the defendant American Airlines, Inc., the owner and operator of the airplane, appeals from so much of a judgment of the Supreme Court, Kings County, entered January 8, 1962 after a jury trial, as is in favor of the administratrix and against it for $300,000, plus interest and costs. The jury has rendered a verdict of $420,000 in favor of said administratrix against said defendant, but the trial court set aside such verdict and ordered a new trial unless the administratrix stipulated to reduce such verdict to $300,000. She so stipulated and judgment was entered accordingly. On this appeal the said defendant contends that, despite the reduction, the verdict is excessive. Judgment, insofar as appealed from, reversed on the facts, and, as to said administratrix, the action is severed and a new trial granted as between her and defendant American, with costs to abide the event, unless, within 20 days after entry of the order hereon, said administratrix shall stipulate to further reduce to $220,000 the amount of the verdict in her favor, in which event the judgment as to her, as thus further reduced, is affirmed, without costs. In our opinion, under all the circumstances, the verdict, although reduced to $300,000, was still excessive; it should be further reduced to $220,000. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.